IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re:

CONSOLIDATED LAND HOLDINGS, LLC,   Case No.: 6:19-bk-04760-KSJ
                                    Chapter 11

               Debtor.    Jointly Administered[1]
_____/

## PROPOSED AMENDED JOINT DISCOVERY PLAN AND CASE MANAGEMENT REPORT

Wells Fargo Bank, National Association, as trustee for the benefit of the holders of UBS Commercial Mortgage 2017-C3, UBS Commercial Mortgage 2017-C2 and Credit Suisse CASIL 2017-CX9 Mortgage Trust Commercial Mortgage Pass-Through Certificates, along with Midland Loan Services, a division of PNC Bank in the roles of the Master Servicer and Special Servicer ("Lender"), APLUSS, LLC ("APLUSS") as successor in interest to KCP Seven Ground, LLC ("KCP"), Consolidated Land Holdings, LLC, Land Capital, LLC, Appleton Land LLC, 100 Berlin Land, LLC, 200 STL Land, LLC, 204 Fox Land, LLC, 205 Wolf Land, LLC, 5500 Midland Land, LLC and High Point Land, LLC (the "Debtors"; the Debtors excluding Consolidated Land Holdings, LLC and Land Capital, LLC, the "Land Debtors") (collectively the "Parties") hereby provide this Joint Discovery Plan and Case Management Report ("Report") regarding:

(A) Lender's Plan [Docket No. 590]; Supplement [Docket No. 595]; and Lender's Disclosure Statement [Docket No. 589] ("Lender Plan");

(B) KCP/Debtors' Joint Plan [Docket No. 591]; modifications [Docket No. 638]; and KCP/Debtors' Joint Disclosure Statement [Docket No. 592] ("KCP/Debtors Plan");

(C) Lender's Motion to Allow Super-Priority Administrative Expense Pursuant to 11 U.S.C. § 507(b) and Notice of Hearing [Docket No. 630] ("Lender Motion"); and

(D) Debtor's Motion to Determine, pursuant to Bankruptcy Code Section 506, the Value of Collateral Securing the Claims of Wells Fargo Bank, NA as Trustee [Docket No. 474].

---

[1] Jointly administered cases: Land Capital, LLC, Case No. 6:19-bk-4761; 100 Berlin Land, LLC, Case No. 6:19-bk-4762; 200 STL Land, LLC, Case No. 6:19-bk-4763; 204 Fox Land, LLC, Case No. 6:19-bk-04765; 205 Wolf Land, LLC, Case No. 6:19-bk-4766; 5500 Midland Land, LLC, Case No. 6:19-bk-4768; Appleton Land, LLC, Case No. 619-bk-4769 and High Point Land, LLC, Case No. 6:19-bk-4770.

/29682/1#44090424 v5

1. **Meeting of Parties; Amendments of Discovery Schedule:** A conference was held on October 26, 2020. The meeting was attended via videoconference by Lender, KCP and the Debtor. A hearing regarding discovery issues followed on November 20, 2020. Thereafter, on December 8, 2020 the Court entered its *Order Setting Discovery Deadlines, Status Conference and Establishing Trial Dates* [Doc. 694] which, in essence approved a discovery plan laid out by the Parties with respect to the foregoing contested matters (the "Initial Discovery Order"). On April 2, 2021, APLUSS acquired the claim of KCP and substituted as a KCP/Debtors Plan co-proponent based on a *Notice of Substitution of Joint Plan Co-Proponent* [Doc 829]. The Court conducted a hearing (the "April 12 Hearing") at which the Court determined that the Lender Plan meets the requirements of 11 U.S.C. §1129(a) and (b) and reserved decision with respect to confirmation, subject to consideration by the Court of the KCP/Debtor Plan and, if the Court finds the KCP/Debtor Plan to meet the requirements of 11 U.S.C. §1129(a) and (b), of which plan to confirm pursuant to 11 U.S.C. §1129(c). All of this was ultimately embodied in the April 26, 2021 *Order Determining that Liquidating Plan of Reorganization of Wells Fargo Bank, N.A. as Trustee as Plan Proponent and Secured Creditor Meets Requirements of 11 U.S.C. §1129(a) and (b)* [Doc 860]. As a direct result, this Report reflects the outcome of the aforementioned hearing and the subsequent discussions amongst the Parties.

The parties have previously exchanged information referenced by Fed.R.Civ.P. 26(a)(1)(A)-(D) through their involvement in the Debtors' bankruptcy cases on or before December 4, 2020. Local Rule 7001(g) shall apply to the disclosures required from each party.

2. **Discovery Plan:** The parties jointly proposed the following discovery plan:

    a. <u>Planned Discovery:</u> A description of every discovery effort the parties plan to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

    (1)  Requests for Production or Inspection:

    Parties have previously served and provided responses to requests for production. Parties have met regarding electronic discovery and focusing of specific requests, and no requests remain outstanding or without response. Appraisals if any of KCP and Debtors and response appraisals have been produced.

    (2)  Written Interrogatories:

    Other than as permitted pursuant to the April 19, 2021 *Order Granting in Part Motion for Protective Order* [Doc. 843] to be served by Lender on third parties Acres Capital, LLC and Radisson Hotel International, Inc., no written interrogatories shall be served.

    (3)  Request for Admissions:

These have been served and responses have been served as well.

(4)     Oral and Written Depositions:

Number of Depositions: [Local Rule 7030-1] In accordance with Fed.R.Civ.P. 30(a)(2)(A) and 31(a)(2)(A), no more than five (5) oral depositions and three (3) written depositions of non-parties consisting of not more than ten written questions per side may be taken in any case unless otherwise ordered by the Court.  Any request to exceed this limit must be approved by the Court.  For purposes of this Report, "side" shall mean Lender on the one hand or collectively KCP and the Debtors on the other hand.  Any party may request an oral deposition of a non-party following a written deposition pursuant to this paragraph and such a follow-up oral deposition shall not be included in the five (5) deposition limit herein.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours of testimony in accordance with Fed.R.Civ.P. 30(d)(2) unless extended by agreement of the parties or order of Court.

b.  Disclosure of Non-Expert Testimony: Parties stipulate that they will disclose all non-expert witnesses by the date listed below along with a brief description of what the witness will address: disclosure will be due by June 1, 2021. The parties' disclosure of non-expert witnesses shall include the contact information of such witnesses.

c.  Disclosure of Expert Testimony: Parties stipulate, in accordance with Fed.R.Civ.P. 26(a)(2)(C), that (other than appraisers as provided above) each side's Fed.R.Civ.P. 26(a)(2) disclosure will be due not later than Friday, April 30, 2021, including a brief description of the issue(s) the witness will opine on and production of the expert's C.V., and any expert report.

d.  Supplementation of Disclosures and Responses: Parties agree that supplementation under Fed.R.Civ.P. 26(e) will be provided in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

e.  Completion of Discovery: Parties will commence all discovery in time for it to be completed fifteen (15) days before the June 30 Hearing (defined below)**.**

3.  <u>Joint Discovery Plan – Other Matters</u>: Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues): **None.**

4.  <u>Supplemental Objections to Confirmation</u>: Parties may, but are not required, to file Supplemental Objections to confirmation of the Lender's Plan or the KCP/Debtors Plan 25 days prior to the June 30 Hearing. Replies to any such Objections shall be due 10 days prior to the June 30 Hearing.

5.  <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>: Any disagreement or unresolved issues will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:

6.  <u>EXCHANGE OF EXHIBITS AND WITNESS LISTS FOR JUNE 1 HEARING</u>.

    Local Rules 7001(m) and 9070-1, including the time requirements therein, shall apply to this contested set of proceedings as set forth or as modified herein. In accordance with the Local Rules, a complete set of exhibits shall be exchanged with opposing counsel and filed with the Court according to the schedule and specifications set forth below. The number of days specified below is the minimum number of business days prior to the hearing by which the documents must be exchanged or submitted, as applicable. All submissions must occur by 4:00 p.m. on the specified date.

| Event | Number of Days Prior to June 1 Hearing |
|---|---|
| Exhibits exchanged and filed pursuant to Local Rules [Appraisal Reports and Expert CVs] [2] | 10 |
| Witness Lists | 10 |
| Expert Reports[3] | 7 |
| Written Objections to Exhibits | 5 |
| Multi-party Stipulation of Facts and Stipulations as to Admissibility of Evidence | 10 |

A.  Exhibits:

(1)  Parties must exchange set of pre-marked exhibits (including summaries) intended to be offered as evidence at the evidentiary hearing. All exhibits

---

[2] Given that the subject of the June 1 Hearing is valuation, witnesses and exhibits are with respect to valuation only.

[3] This reference addresses filing with the Court. Parties shall exchange expert reports in the time frames as provided in Section 2(b) above.

must include the party's role in the matter (i.e., "debtor" or "creditor") and be sequentially numbered. When exhibits are exchanged electronically, parties shall also include a short descriptive name of each exhibit, e.g., "mortgage", "note", or "letter dated xx/xx/xxxx" in the file name of each exhibit.

(2) Presentation and exchange of exhibits shall conform to the Local Rules. Counsel representing any party shall submit the exhibits and exhibit register via CM/ECF. The exhibits so filed shall constitute the official exhibits in this matter.

(3) With regard to any summary the party will offer in evidence at the hearing, the submitting party must provide a notice of the location(s) of the books, records, and the like, from which each summary has been made, and the reasonable times when they may be inspected and copied by adverse parties.

(4) Each party must prepare a separate exhibit register consistent with the Local Rules.

(5) The parties shall meet and confer at least fourteen (14) days prior to the Hearing regarding stipulations of uncontested facts and admissibility of evidence relating to the June 1 Hearing matters. All stipulations as to uncontested facts and admissibility of evidence shall be filed with the Court at least seven (7) days prior to the Hearing.

(6) The Court will allow flexibility regarding the order in which witnesses may be called, especially in consideration of scheduling issues.

B. Witness Lists:

Each party presenting witnesses must provide all other parties with a list showing the name and, if not previously provided, the address and telephone number of each witness that the party may call at the hearing other than solely for impeachment.

C. Objections to Exhibits:

Any objection to the admissibility of any proposed exhibit, including any deposition transcript or recording (audio or video) or any summary must be submitted pursuant to the deadlines set forth above. The objection must (i) identify the exhibit, (ii) briefly state the grounds for the objection, and (iii) provide citations to case law and other authority in support of the objection. <u>An objection not so made - except for one under Federal Rule of Evidence 402 or 403 - is waived unless excused by the Court for good cause.</u>

D. Expert Reports:

If expert reports are to be used at the Hearing, the parties shall exchange

such reports pursuant to the deadlines set forth above.

E. Multi-party Stipulation:

The respective parties shall file a multi-party stipulation of uncontested facts relating to valuation only on or before the deadline set forth above. Counsel for all parties shall sign the stipulation of uncontested facts. The failure of counsel to prepare and submit the multi-party stipulation may result in sanctions.

7. EXCHANGE OF EXHIBITS AND WITNESS LISTS FOR JUNE 30 HEARING.

The initial paragraph of Section 6 above applies to this Section 7.

| Event | Number of Days Prior to June 30 Hearing |
|---|---|
| Exhibits exchanged and filed pursuant to Local Rules | 15 |
| Witness Lists | 15 |
| Expert Reports[4] | 7 |
| Written Objections to Exhibits | 5 |
| Multi-party Stipulation of Facts and Stipulations as to Admissibility of Evidence | 10 |

A. Exhibits:

(1) Parties must exchange set of pre-marked exhibits (including summaries) intended to be offered as evidence at the evidentiary hearing. All exhibits must include the party's role in the matter (i.e., "debtor" or "creditor") and be sequentially numbered. When exhibits are exchanged electronically, parties shall also include a short descriptive name of each exhibit, e.g., "mortgage", "note", or "letter dated xx/xx/xxxx" in the file name of each exhibit.

(2) Presentation and exchange of exhibits shall conform to the Local Rules. Counsel representing any party shall submit the exhibits and exhibit register via CM/ECF. The exhibits so filed shall constitute the official exhibits in this matter.

(3) With regard to any summary the party will offer in evidence at the hearing, the submitting party must provide a notice of the location(s) of the books,

---

[4] This reference addresses filing with the Court. Parties shall exchange expert reports in the time frames as provided in Section 2(b) above. References to experts and their reports in this Section 7 are to those other than valuation.

records, and the like, from which each summary has been made, and the reasonable times when they may be inspected and copied by adverse parties.

(4) Each party must prepare a separate exhibit register consistent with the Local Rules.

(5) The parties shall meet and confer at least fourteen (14) days prior to the Hearing regarding stipulations of uncontested facts and admissibility of evidence. All stipulations as to uncontested facts and admissibility of evidence shall be filed with the Court at least seven (7) days prior to the Hearing.

(6) The Court will allow flexibility regarding the order in which witnesses may be called, especially in consideration of scheduling issues.

B. Witness Lists:

Each party presenting witnesses must provide all other parties with a list showing the name and, if not previously provided, the address and telephone number of each witness that the party may call at the hearing other than solely for impeachment.

C. Objections to Exhibits:

Any objection to the admissibility of any proposed exhibit, including any deposition transcript or recording (audio or video) or any summary must be submitted pursuant to the deadlines set forth above. The objection must (i) identify the exhibit, (ii) briefly state the grounds for the objection, and (iii) provide citations to case law and other authority in support of the objection. <u>An objection not so made - except for one under Federal Rule of Evidence 402 or 403 - is waived unless excused by the Court for good cause.</u>

D. Expert Reports:

If expert reports are to be used at the Hearing, the parties shall exchange such reports pursuant to the deadlines set forth above.

E. Multi-party Stipulation:

The respective parties shall file a multi-party stipulation of uncontested facts relating to matters other than valuation on or before the deadline set forth above. Counsel for all parties shall sign the stipulation of uncontested facts. The failure of counsel to prepare and submit the multi-party stipulation may result in sanctions.

8. <u>Pretrial Conference and Trial:</u> Parties agree that they will be ready for a pretrial status conference on **May 12, 2021 at 2:30 p.m**. **ET.** Bench trials are expected to take approximately **two (2) days**. The date set for the evidentiary hearing ("**Hearing**") on the

KCP/Debtors Plan is **June 1, 2021 (for testimony of appraisers) and June 30, 2021 (for other witnesses), at 10:00 a.m. ET** (the "**Hearing Date**").

Date: April 27, 2021

| | |
|---|---|
| */s/ R. Scott Shuker* | */s/ Roy S. Kobert* |
| R. Scott Shuker, Esq. | Roy S. Kobert, Esquire |
| Florida Bar No. 984469 | Florida Bar No. 777153 |
| rshuker@shukerdorris.com | roy.kobert@gray-robinson.com |
| SHUKER & DORRIS, P.A. | GrayRobinson, P.A. |
| 121 S. Orange Avenue, Suite 1120 | 301 E. Pine Street, Suite 1400 |
| Orlando, Florida 32801 | Orlando, FL 32801 |
| Telephone: 407-337-2060 | (407) 843-8880 Telephone |
| Facsimile: 407-337-2050 | (407) 244-5690 Facsimile |
| *Attorneys for the Debtor* | *Local Counsel for Lender* |

and

Gary F. Eisenberg, Esquire*
New York Bar No.: 2332823
Perkins Coie, LLP
1155 Avenue of the Americas
22nd Floor
New York, NY 10036-2711
(212) 262-2902 Telephone
(212) 977-1632 Facsimile
geisenberg@perkinscoie.com
*Lead Counsel for Lender*
*Admitted *pro hac vice* on August 6, 2019